Mary Louise **GRUMBLES**, joined by her husband, M. W. Grumbles et al.,
Appellants,

v.

The **TIMES HERALD PRINTING COMPANY** et al., Appellees.

No. 24407.

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1968.

Rehearing Denied Feb. 13, 1968.

---

William F. Billings, Billings, Pierce, Gilley & Stanton, Fanning & Harper, Dallas, Tex., for appellants.

Jack Pew, Jr., D. L. Case, Dallas, Tex., for appellees. Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., of counsel.

Before TUTTLE, GEWIN and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment based on a jury verdict for the defendants in a suit brought by the appellants charging that the appellees were guilty of a violation of Rule X-10B-5, Securities and Exchange Commission, 17 C.F.R. 240.10B-5. The alleged violation occurred when the defendants in the trial court purchased the stock of the Times Herald Printing Company from the appellants without advising appellants of a certain material fact in connection with the sale, towit, the existence of "certain definite offers  *  *  *  to purchase all or a portion of the company stock at prices far in excess of $30 [the price at which the appellants sold] per share."

Except for rulings on admissibility of evidence, the issues were factual ones for the jury. These issues were all resolved against the appellants, having been presented to the jury in form of special issues. The jury having decided the issues of materiality, reliance by appellants, damages, and limitations against the plaintiffs, and it appearing that there was substantial evidence to support these findings, the jury verdict is final. Furthermore, the contention by the appellants that the trial court erred in not admitting evidence of certain offers made for 100% of the stock in subsequent years, goes only to the question of the amount of damages. The jury having decided that the appellants failed to prove the substance of their case of reliance and materiality of the withheld information, any error dealing with the refusal by the trial court to admit evidence showing the amount of damages would be without prejudice to the appellants, since no matter how much the damages might be proved to have been, the jury decided they were not entitled to any.

The judgment is affirmed.